Civil action to recover the value of tires and tubes, possession of which defendants are alleged to have wrongfully and unlawfully acquired.
Plaintiff alleges in substance: That, on 20 April, 1938, when Frank Weaver abandoned a service station operated by him, near Erwin, N.C. there were in the station eight tires and twenty-one tubes of the value of $95.15, which plaintiff had placed with Weaver for sale under a consignment agreement which had existed between them and under which they had operated for two years; and that defendants, with notice of contract, knowingly and unlawfully, took possession of same, and refuse upon demand to return same or to pay therefor.
Defendants deny any knowledge or information as to a consignment agreement between plaintiff and Weaver. They admit that in the latter part of April, 1938, they received from Frank Weaver five tires and nineteen tubes of the value of $47.00, but aver that they paid full value therefor, and deny any knowledge or information as to where or from whom Weaver obtained the tires and tubes. They admit refusal to comply with demand of plaintiff, but deny right of plaintiff either to possession of tires and tubes received by them from Frank Weaver, or to be paid therefor. *Page 598 
Upon the trial below the only evidence introduced by plaintiff came from the witness, Frank Weaver, whose pertinent testimony is as follows: "I know Mr. Floyd C. McLean of Laurinburg and have had dealings with him. My first dealings with him were in 1936, when I entered into a contract with him." Witness then identified his signature to the contract. Plaintiff, admitting that it was not registered, offered to introduce same in evidence, but upon objection by defendant it was excluded. Plaintiff excepted. Thereupon the examination continued. Q. ". . . Did you receive any tires under this contract?" Objection. Sustained. Exception. Q. "What was your contract with the McLean Supply Company?" Objection. Sustained. Exception. Q. "Mr. Weaver, were any tires consigned to you by the McLean Supply Company? A. Yes." Plaintiff rests.
From judgment as of nonsuit at close of plaintiff's evidence, plaintiff appealed to the Supreme Court, and assigns error.
We are unable to find error in the judgment below. Why debate the question as to whether the contract between plaintiff and Frank Weaver be of conditional sale or of consignment, when there is no evidence in the record identifying any tires and tubes defendant received from Weaver as those, or any of those, plaintiffs may have delivered to Weaver? There must be proof as well as allegation.
The judgment below is
Affirmed.